UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ULYSESS SAMUEL FRANCIS,　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　13-CV-4722 (RRM)(CLP)
　　　　　　Plaintiff,

　　-against-

SECURITAS SECURITY CORP,

　　　　　　Defendant.
------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

　　　　On August 19, 2013, plaintiff Ulysess Samuel Francis, filed this *pro se* complaint. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, plaintiff is granted thirty (30) days from the date of this order to submit an amended complaint.

## STANDARD OF REVIEW

　　　　Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

　　　　Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

1

*Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Plaintiff's complaint is far from a model of clarity. Plaintiff alleges that he worked as a security officer for defendant for a period of nine years. He states that he was accused of failing to patrol when the building was in an "electrical shutdown" and that his employment was terminated. (*See* Compl. (Doc. No. 1) at 2–3 (ECF Pagination).) Plaintiff's complaint alludes to discrimination based on his race. (*See* Compl. at 2–4.) Liberally construing plaintiff's complaint, it appears that plaintiff is seeking to assert an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

However, "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *see also* 42 U.S.C. § 2000e–5(e) and (f); *Wiercinski v. Mangia 57, Inc.*, No. 09-cv-4413, 2012 WL 2319142, at *5 (E.D.N.Y. June 18, 2012) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first exhaust his administrative remedies by timely filing a complaint with the EEOC, obtaining a right to sue letter, and filing an action within 90 days of receipt of that letter.").

Once a charge is filed with the EEOC, that agency must investigate the charge, initiate an action, or dismiss the charge.

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . , the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved. . . .

42 U.S.C. § 2000e-5(f)(1). This notification is called a "right-to-sue" letter because the notification is a prerequisite to suit. *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006).

Exhaustion of the administrative remedies and receipt of a right-to-sue letter are preconditions to filing a Title VII claim in federal court. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); *Sicular v. N.Y.C. Dep't of Homeless Servs.*, No. 09-cv-0981, 2010 WL 423013, at *12 (S.D.N.Y. Feb. 4, 2010). The exhaustion requirement allows the administrative agency the opportunity to investigate, mediate, and take remedial action. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985). The Second Circuit has consistently held that, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (citation and internal quotation marks omitted).

Here, it is unclear if plaintiff exhausted his administrative remedies before filing the instant action. In the complaint, there is no mention of plaintiff filing of an EEOC charge and there is no indication that the EEOC provided the plaintiff with a right to sue letter. Accordingly, even construing plaintiff's complaint broadly, plaintiff fails to state a plausible Title VII claim in the complaint.

Furthermore, even if the apparent Title VII claim were exhausted, plaintiff fails to provide any facts to support a claim under the statute. Title VII prohibits an employer from

3

discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  To establish a *prima facie* case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position he held, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination.  *Ruiz v. County of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010); *Joseph v. North Shore University Hosp.*, No. 08-cv-3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Significantly, plaintiff fails show that any discriminatory act was taken because of his race, color, gender, religion, or national origin.  *See Rich v. Associated Brands, Inc.*, 379 F. App'x. 78, 80, n.1 (2d Cir. 2010) ("Title VII . . . protects against discrimination based on an 'individual's race, color, religion, sex, or national origin . . . .").  Moreover, plaintiff provides no factual allegations to connect his termination from employment to a protected status under Title VII.  *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

For the foregoing reasons, it appears that plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.  However, in light of plaintiff's *pro se* status, and out of an abundance of caution, plaintiff is granted 30 days from the date of this order file an amended complaint.  To the extent that plaintiff seeks to file an employment

4

discrimination action, plaintiff must state whether he exhausted his administrative remedies. If he filed a charge of discrimination with the EEOC, or any other agency, he should include a copy of the charge of discrimination that he filed. Moreover, in the amended complaint plaintiff must offer some facts giving rise to an inference that his employment was terminated or that he experienced other adverse employment actions based on factors prohibited by Title VII.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. Plaintiff is advised if he fails to file an amended complaint within 30 days, the complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to plaintiff *pro se* and include a copy of the Court's employment discrimination form with this order, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
December 4, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5